```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| JOEL JEANNITE, <br>     Plaintiff <br><br>   v. <br><br> WRIGHT, Officer <br> Badge 604, et al., <br>     Defendants | ) <br> ) <br> ) <br> ) Civil Action No. 22-11060-PBS <br> ) <br> ) <br> ) <br> ) |

### ORDER

November 28, 2022

SARIS, D.J.

Pro se plaintiff Joel Jeannite initiated this action by filing a complaint seeking equitable and monetary relief against several Boston police officers and a private towing company. [ECF No. 1]. Jeannite paid the $402 filing fee and summons were issued to all defendants. [ECF Nos. 2, 4].

Returns of service were subsequently filed by deputy sheriffs hired by plaintiff for service of process. [ECF Nos. 6 - 9]. Deputy Sheriff Arthur Isberg delivered copies of the summons and complaint in hand to Akiki and Sons on July 18, 2022. [ECF No. 6]. As to the police defendants, on July 16, 2022, Deputy Sheriff Terrance Williams delivered the summonses and complaint in hand to Officer Eveillard, described as agent and person in charge at the

time of service for Officers Layden, Wright and John Doe Badge Number 1904.  [ECF Nos. 7 - 9].

"When a defendant has failed to plead or defend, a district court may enter judgment by default." Fed. R. Civ. P. 55(b)(2). Before a default can be entered, certain prerequisites must be met such as subject matter and personal jurisdiction, and that "the complaint state[s] a specific, cognizable claim for relief, and that the defaulted party had fair notice of its opportunity to object." In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002).

Because no appearance had been entered by any of the defendants, Jeannite was ordered to file an application for entry of default.  [ECF No. 11].  Now before the Court is Jeannite's response.  [ECF No. 13].  However, Jeannite did not include a certificate of service demonstrating that any of the defendants were provided notice of the application for default.  See Fed. R. Civ. P. 5(d)(1)(B).  Because of this, the application for default is denied without prejudice.

Due to plaintiff's pro se status, Jeannite will be permitted to refile his application and serve copies on the defendants. Proof that service has been made must be provided by a certificate

2

of service demonstrating that he has served copies on the defendants.[1]

    Accordingly,

(1) Plaintiff's application for default is denied without prejudice to refiling on or before January 13, 2023.

(2) The Clerk shall send copies of this order to the parties.

SO ORDERED.

                                        /s/ Patti B. Saris
                                        PATTI B. SARIS
                                        UNITED STATES DISTRICT JUDGE

---

[1] Here is an example of language that may be used for a certificate of service: I hereby certify that on [insert date], I forwarded a copy of the foregoing document to [insert name of defendants], at the addresses of [insert mailing addresses]. [insert signature].