**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

C.A. No. 1:22-cv-11060-PBS

| |
|---|
| JOEL JEANNITE, <br>             **Plaintiff** <br> **v.** <br><br> WRIGHT, LAYDEN 2187, JOHN DOE 1904, <br> AND AKIKI AND SON. <br>             **Defendants** |

**DEFENDANTS, WRIGHT AND LAYDEN 2187'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Now comes the Defendants Wright and Layden 2187 (collectively "City defendants") and respectfully move pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(6) to have this Honorable Court dismiss the Plaintiff's Complaint in its entirety. Plaintiff, Joel Jeannite, ("Plaintiff") appearing *pro se* brings this complaint against Boston Police Department Sergeant Paul Wright ("Sergeant Wright") and Officer Matthew Layden ("Officer Layden") for various allegations including constitutional violations, human rights violations, discrimination, mental anguish, and pain and suffering. As grounds, and as discussed below, the Complaint should be dismissed because Plaintiff has improperly served his complaint and he has failed to state a claim upon which relief can be granted.

## I.      FACTUAL AND PROCEDURAL BACKGROUND[1]

On July 1, 2022, Plaintiff filed his complaint against Officer Layden and Sergeant Wright. (See ECF No. 1.) Plaintiff's Complaint barely alleges any specific facts and is merely conclusions and causes of action against the City Defendants. For instance, the Plaintiff states

---

[1] The facts contained in Plaintiff's Complaint are accepted as true for the limited purpose of this motion only.

that "while traveling on blue hill ave for 3.5 miles was detained by Policeman/Prosecuting Witness, Officer Layden, wright badge 604, employed by the police department of Massachusetts Boston." (See ECF No. 1.) Plaintiff lists 85 paragraphs in the conclusion section of his complaint listing a wealth of allegations based on constitutional violations, human rights, discrimination, pain and suffering, and mental anguish. As a result of a traffic stop that occurred on June 23, 2022, by Officer Layden and his partner, Plaintiff was arraigned on six charges including drug, possession to distribute class d, M. G. L. c. 94C §32C(a); RMV document forge/ misuse M. G. L. c. 90 §24B; unregistered motor vehicle M. G. L. c. 90 §9; uninsured motor vehicle M. G. L. c. 90 § 34J; mobile phone, operator use improperly M. G. L. c. 90 § 13; and number plate violation to conceal ID M. G. L. c. 90, §23. that are still pending. (See Criminal Docket, attached hereto as Exhibit A.)[2].

On August 10, 2022, Plaintiff filed the returns of service for Officer Layden and Sergeant Wright. (See ECF Nos. 7 and 8.) On October 7, 2022, the court ordered plaintiff had until October 31, 2022 to file an application for entry of default. (See ECF No. 11.) On October 17, 2022, Plaintiff filed an Affidavit of Fact Revised Default Judgment. (See ECF No. 13.) On November 21, 2022, Plaintiff filed another Affidavit of Fact Revised Default Judgment. (See ECF No. 14.) On November 28, 2022, the court denied Plaintiff's application for default without prejudice to refiling on or before January 13, 2023. (See ECF No. 15.)

## II. LEGAL ARGUMENT

### A. Defendants Were Not Properly Served with Plaintiff's Complaint therefore Plaintiff's Complaint Must be Dismissed Pursuant to Rule 12(b)(5).

---

[2] The Court may consider public records or documents sufficiently referred to in the Complaint even though it would normally not consider documents outside of the pleadings. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).Here, Plaintiff not only mentions his criminal docket number throughout his complaint, but the criminal docket that can be accessed from MassCourts could be considered a public record.

As an initial matter, Plaintiff's Complaint must be dismissed against the City defendants because it was not served properly. Plaintiff identifies Sergeant Wright as "Wright badge no. 604" and Officer Layden as "layden badge no. 2187". "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of process must be satisfied." Cichocki v. Mass. Bay Cmty. Coll., 174 F. Supp. 3d 572, 575 (D. Mass. 2016). A motion challenging the manner of delivery under Rule 12(b)(5) "empowers courts to dismiss a complaint for insufficient service of process." Evans v. Staples, Inc., 375 F.Supp.3d 117, 120 (D. Mass. 2019). To survive such a motion, the Plaintiff bears the burden to prove proper service once service of process has been challenged. Id.; Rivera–Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir.1992).

Plaintiff's Complaint should be dismissed under Rule 12(b)(5) because Plaintiff has failed to effect service properly on Sergeant Wright or Officer Layden under Fed. R. Civ. P. 4(h) and, therefore, the Court lacks jurisdiction over both Officers. See Fed. R. Civ. P. 4(h). The Court may "look beyond the pleadings and may consider affidavits and other documents to determine whether process was properly served." Cutler Assocs., Inc. v. Palace Constr., LLC, 132 F. Supp. 3d 191, 194 (D. Mass. 2015). Copies of the summons and complaint were left with another officer at the Boston Police Department District B-3. (See ECF Nos. 7 and 8.)

Under Fed. R. Civ. P. 4(e), an individual defendant must be served by "any method prescribed by Massachusetts law, or 1) delivering a copy of the summons and complaint to the individual personally; 2) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who abides there; or 3) delivering a copy of each to an agent authorized by appointment or law to receive service of process." Luxottica Grp., S.p.A. v. Lee, 552 F. Supp. 3d 98, 101–02 (D. Mass. 2021). Massachusetts law has similar requirements

for service, in that service can be made "[u]pon an individual by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or statute to receive service of process provided that any further notice required by such statute be given." Mass. R. Civ. P. 4(d)(1); see Cichocki, 174 F. Supp. 3d at 576. It is clear from the returns of service filed with the court that Sergeant Wright and Officer Layden were not lawfully served with Plaintiff's Complaint. Plaintiff's Complaint was not served on either Sergeant Wright or Officer Layden personally, it was not delivered to either of their homes, and it was not delivered to an agent authorized by appointment or law. See Id.; ECF Nos. 7 and 8.

Hand delivery to an individual at the police district – Sergeant Wright and Officer Layden's place of employment is not valid service of process under Federal or Massachusetts law because neither City defendant resides at the location nor authorized any colleague to act as an agent who would accept service on their behalf. See e.g., Thayer v. Dial Indus. Sales, Inc., 85 F.Supp.2d 263, 266 n. 1 (S.D.N.Y.2000); Mouradian v. Biden, No. 22-CV-10044-DJC, 2022 WL 1746781, at *3 (D. Mass. May 31, 2022). Plaintiff's complaint is against the City defendants in their individual capacities, and without express authorization, a colleague may not accept service on their behalf. See Figueras v. Autoridad de Energia Electrica, 553 F. Supp. 2d 43, 44 (D.P.R. 2007) (dismissing Plaintiff's complaint where service was made upon defendant's secretary); Daly–Murphy v. Winston, 837 F.2d 348 (9th Cir.1987) (stating that "Rule 4 has generally been construed to mean that service at a defendant's place of employment is insufficient."); Donnelly, No. 09-cv-11995-RGS, 2010 WL 1924700, at *1; Bishop v. Trace Investigation Servs., Inc., No.

99 Civ. 942990, 1999 WL 1319002, at *2 (Mass. Super. Mar. 18, 1999) (dismissing action against individual defendant because "service upon the defendant's employer was insufficient.").

On October 7, 2022, Plaintiff filed an Affidavit Fact Revised Default Judgment[3] notice of default that was also not received by Officer Layden or Sergeant Wright. On November 21, 2022, Plaintiff filed another Affidavit of Fact Revised Default Judgment[4], which was also not received by Officer Layden or Sergeant Wright. On November 28, 2022, the court entered an order denying Plaintiff's request for default judgment without prejudice and further ordered that copies of the order be mailed to each defendant. It was not until this point that Sergeant Wright received notice of this law suit and Officer Layden only became aware of the law suit due to Sergeant Wright's notification of the case.

**B. Plaintiff's Complaint Should be Dismissed Pursuant to Rule 12(b)(6).**

Under Fed. R. Civ. P. 12(b)(6), a complaint or count therein must be dismissed where it fails to state a claim upon which relief can be granted.  In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor.  Cooperman v. Individual, Inc., 171 F.3d 43, 46 1st Cir. (1999). However, this tenet does not apply to legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  Mere recitals of the element of a cause of action, supported only by conclusory statements, do not suffice.  Id.  (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545 (citations omitted).  A plaintiff must set forth in his complaint "factual

---

[3] ECF No. 13.
[4] ECF No. 14.

allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobile Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). A complaint will not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." Twombly, 550 U.S. at 557 (quotations omitted).

"Despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). Section 1983 is not just "an instrument of justice in the hands of the weak against the mighty," but it also has the potential for misuse; therefore, a Section 1983 claimant must "at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why." Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st. Cir.1982). Within this analytical framework, the plaintiff has failed to plead facts that suggest any actionable claims against Sergeant Wright or Officer Layden.

### 1. Plaintiff Has Failed to State A Claim For Which Relief Can Be Granted.

In plaintiff's complaint he has failed to articulate a basis for relief as well as failed to explain exactly what the basis for his allegations are. Plaintiff's Complaint appears to allege, upon many things, mainly that his constitutional rights to due process were violated. Plaintiff lists 85 paragraphs of causes of action in the conclusion section of his complaint, but does not allege specific facts to support those causes of action. Plaintiff seems to be alleging that he was detained on Blue Hill Avenue and that his right to travel was denied. Plaintiff's allegations that he was "detained" does not allege how either Officer Layden or Sergeant Wright detained him. Plaintiff's allegations that his due process rights were violated are completely conclusory and based off of mere speculation. Plaintiff has presented no evidence that Officer Layden or Sergeant Wright

attempted to violate his constitutional rights in any way. The elements required to prove either of those claims or any claim that would give rise to a lawsuit related to his civil rights are completely lacking in plaintiff's complaint.

In his complaint, the plaintiff barely states any factual allegations to the causes of action he alleges. Plaintiff claims he was detained by Officer Layden and Sergeant Wright while traveling on Blue Hill Avenue. Plaintiff also claims that Sergeant Wright is with the "want of jurisdiction" by knowingly and willingly conspiring to deny Plaintiff of his inalienable rights when Plaintiff stated his "name, correct spelling of name, and national status." Plaintiff further alleges that Wright violated his 4th amendment right for "unlawful arrest-of-rights." Further in his Affidavit of Fact Revised Default Judgment[5], Plaintiff potentially alleges that Sergeant Wright "had a racist smirk on his face." Plaintiff then goes on to list 85 paragraphs that appear to be causes of action or recitals of the law in his conclusion section of his complaint without referencing any factual allegations to either Officer Layden or Sergeant Wright.

This Court should take judicial notice of the criminal docket related to this matter which makes it clear that Plaintiff was arrested and charges for a multitude of reasons. (See Exhibit A.) Plaintiff's vehicle was unregistered, uninsured and was being operated with paper plates. Plaintiff's allegations that he was detained on Blue Hill Ave and that he was unlawfully arrested have nothing to do with the reasons of his arrest. Plaintiff was arrested and charged with six offenses including drug, possession to distribute, RMV document, forge/misuse, unregistered motor vehicle, uninsured motor vehicle, mobile phone, operator use improperly, and number plate violation to conceal. (See Exhibit A.) Furthermore, these allegations remain conclusory and do not suggest that he is entitled to any relief from the City defendants.

---

[5] ECF No. 13.

All six of the charges including the motor vehicle infractions that plaintiff was cited with are recognized violations under Massachusetts state law. This is not the appropriate action to bring to challenge these violations or to challenge the constitutionality of these state statutes. For these reasons, Plaintiff's claims against Officer Layden and Sergeant Wright must be dismissed.

### 2. Plaintiff has a pending criminal case that could raise an issue of Heck.

Plaintiff's complaint lists and tries to explain allegations relating to what appears to be an open criminal case against him. (See Exhibit A.) If the court were not to dismiss for the above-mentioned reasons, the City defendants would request to stay the civil proceedings until Plaintiff's criminal case has ended. Plaintiff's pending criminal case could pose a conflict pursuant to Heck v. Humphrey should it result in conviction. See 512 U.S. 477, 484 (1994). The Court held in Wallace v. Kato, 549 U.S. 384, 127 (2007), that if a plaintiff files a claim related to rulings that will likely be made in a pending or anticipated criminal trial, a district court may stay the civil action until the criminal case (or likelihood of criminal case) has ended. See also Crooker v. Burns, 544 F.Supp.2d 59, 64–65 (D.Mass.2008). "By staying the action, the court avoids having to guess whether a ruling in the civil suit would impugn or imply the invalidity of a future conviction, which would require dismissal under Heck." Douglas v. Bos. Police Dep't, No. C.A. 10-11049-WGY, 2010 WL 2719970, at *5 (D. Mass. July 1, 2010). Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

Applying Wallace to the instant case, it appears at this stage in the proceedings that Plaintiff's claims for money damages, while not technically barred by the Favorable Termination Rule of Heck, nevertheless are not ripe for review because his claims may be related to rulings that will likely be made in the pending state criminal trial. Thus, his claims would not be ripe until after the completion of his criminal prosecution and an invalidation of a conviction. Regardless of whether

a court is staying the civil case or strictly applying the Favorable Termination Rule, the critical issue here is whether a ruling in this civil case would impugn a future or current criminal conviction. Under <u>Wallace</u>, this Court could stay (or administratively dismiss without prejudice to reopen) after completion of the state criminal proceedings. <u>Douglas v. Bos. Police Dep't</u>, No. C.A. 10-11049-WGY, 2010 WL 2719970, at *5 (D. Mass. July 1, 2010). When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. <u>Haley v. City of Boston</u>, 657 F.3d 39, 46 (1st Cir. 2011). <u>Choroszy v. Wilkie</u>, 544 F. Supp. 3d 134, 137 (D. Mass. 2021).

For the reasons stated above, the Plaintiff's complaint should be dismissed. To the extent, this Court does not dismiss the Plaintiff's Complaint in its entirety, the City defendants request time to move this Court, pursuant to Fed. R. Civ. P. 12(e), to order Plaintiff to file a more definite statement of a pleading. Specifically, the City Defendants request that the Plaintiff be required to file a more definite statement of a pleading which complies with the procedural requirements of Fed. R. Civ. Pl 8(a) and 10, separately identifies each claim or cause of action, and asserts the specific factual and legal (statutory or otherwise) basis for these claims.

## V. CONCLUSION

For the foregoing reasons, the defendants, Wright and Layden 2187 respectfully request that this Honorable Court dismiss all claims against them in plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6).

Respectfully submitted,

**WRIGHT and LAYDEN 2187**

By their attorneys:
Adam N. Cederbaum
Corporation Counsel


/s/ Bridget I. Davidson
Bridget I. Davidson (BBO# 710244)
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-3238
bridget.davidson@boston.gov


## CERTIFICATE OF SERVICE

I, Bridget I. Davidson, hereby certify that I served a true copy of the above document upon all registered parties via this court's electronic filing system on January 19, 2023 and mailed the same to *pro se* Plaintiff through U.S. mail.


/s/ Bridget I. Davidson
Bridget I. Davidson


## 7.1 CERTIFICATION

I, Bridget I. Davidson, hereby certify that I was unable to confer with Plaintiff regarding the requested relief as Plaintiff did not include a phone number or email address on his pleadings.


/s/ Bridget I. Davidson
Bridget I. Davidson