## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOEL JEANNITE, | ) | |
|      Plaintiff, | ) | |
| | ) | Civil Action |
|      v. | ) | No. 22-11060-PBS |
| | ) | |
| WRIGHT, Officer Badge 604, | ) | |
| LAYDEN 2187, JOHN DOE 1904, and | ) | |
| AKIKI AND SON, | ) | |
|      Defendants. | ) | |

## MEMORANDUM AND ORDER

May 1, 2023

SARIS, D.J.

Pro se plaintiff Joel Jeannite initiated this action on July 1, 2022, by filing a complaint against several Boston police officers and a private towing company. [ECF No. 1]. Plaintiff paid the filing fee and the Clerk issued summonses. [ECF Nos. 2, 4]. Currently before the Court are the police defendants' motion [ECF No. 26] to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), the towing company's answer [ECF No. 23] and plaintiff's revised default judgment [ECF No. 28].

For the following reasons, the Court ALLOWS the police defendants' motion to dismiss and dismisses the remaining claims pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded

factual allegations in the complaint as true and construes
reasonable inferences in the plaintiff's favor.  Breiding v.
Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019).  When
considering a motion to dismiss, a court "may augment these
facts and inferences with data points gleaned from documents
incorporated by reference into the complaint, matters of public
record, and facts susceptible to judicial notice."  A.G. ex rel.
Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013)
(citing Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir.
2011)).

        "To withstand a Rule 12(b)(6) motion, a complaint must
contain sufficient factual matter to state a claim to relief
that is plausible on its face."  Rios-Campbell v. U.S. Dep't of
Commerce, 927 F.3d 21, 24 (1st Cir. 2019) (internal quotation
marks omitted).  The plausibility standard requires sufficient
factual allegations "to remove the possibility of relief from
the realm of mere conjecture."  Dumont v. Reily Foods Co., 934
F.3d 35, 44 (1st Cir. 2019) (internal quotation marks omitted).
The plausible factual allegations, taken as true, must
ultimately be able to support the legal conclusion that
underlies each claim for relief.  See Haley v. City of Boston,
657 F.3d 39, 46 (1st Cir. 2011).

        Additionally, a court has an obligation to inquire into its
own subject matter jurisdiction, see McCulloch v. Velez, 364

F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3).  Subject matter jurisdiction concerns the types of cases that a federal district court has the power to adjudicate, or, in other words, a court's "power to issue [an] order."  <u>U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.</u>, 487 U.S. 72, 77 (1988).

## BACKGROUND

This action arises from a traffic stop that resulted in Jeannite's arrest on charges that included (1) unregistered motor vehicle in violation of M.G.L. c. 90 §9, (2) uninsured motor vehicle in violation of M.G.L. c. 90 § 34J, (3) improper operation of mobile phone in violation of M.G.L. c. 90 § 13; (4) number plate violation to conceal ID in violation of M.G.L. c. 90, §23, (5) RMV document forge/ misuse in violation of M.G.L. c. 90, §24B, and (6) drug possession to distribute class d in violation of M.G.L. c. 94C §32C(a).  <u>See</u> <u>Commonwealth v. Jeannite</u>, No. 2207CR001764 (Boston Municipal Court Dorchester Div. June 24, 2022).[1]

---

[1] Attached to the Memorandum in Support is a copy of the docket sheet for the state criminal action.  <u>See</u> ECF No. 27-1.  It is "well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."  <u>Kowalski v. Gagne</u>, 914 F.2d 299, 305 (1st Cir. 1990); <u>see</u> <u>Lydon v. Local 103, Int'l Bhd. of Elec. Workers</u>, 770 F.3d 48, 53 (1st Cir. 2014) ("a judge can mull over 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible

The <u>pro</u> <u>se</u> complaint is submitted on the preprinted Pro Se 1 form provided by the Administrative Office of the United States Courts to which Jeannite attaches his self-prepared "Legal Notice of Removal." [ECF No. 1]. Jeannite checked the box indicating "federal question" jurisdiction and identifies the following laws: 28 U.S.C. §§ 1441-1446 as well as "Article III Section 2, Article VI, United States Repub. Constitution Treaty of Peace and Friendship." <u>Id.</u> at ¶ II(A) (if the basis for jurisdiction is a federal question).

For the statement of claim, Jeannite states that he "was [stalked] on Bernard St to Walkhill Blue Hill [and] kidnap[ped] with threat [of bodily] force and extorted 2,000 on bail with false allegation by civil servants." <u>Id.</u> at ¶ III (statement of claim). For relief, Jeannite seeks "a lien 28 million to be placed[d] on all parties and payment [of] 28 million punitive damage & compensatory damage." <u>Id.</u> at ¶ IV (relief).

Attached to the complaint form is Jeannite's self-prepared "Legal Notice of Removal." [ECF No. 1-1]. Jeannite alleges that "while travelling on blue hill ave for 3.5 miles [he] was detained by Policeman/Prosecuting Witness, Officer layden, wright badge 604, employed by the police department of Massachusetts Boston who

---

to judicial notice'")(quoting <u>Giragosian v. Ryan</u>, 547 F.3d 59, 65 (1st Cir. 2008)).

stated that Joel Jeannite was in violation of statute M.G.L. C. 90 SECTION 23 which is private policy (being classed as law)." Id. at 3 (cause of action). Jeannite further alleges that "Officer wright badge No. 604 [and] john doe badge number 1904 refused to identify himself [and] place[d] his hand on his firearm with a racist smirk on his face." Id. at 1. As to defendant Akiki and Sons, Jeannite contends that this towing company "participated as an accomplice GRAND THEFT AUTOMOBILE" and he now seeks "$3.5 million for compensatory damages and $3.5 million for punitive damages in his private capacity." Id. at 14. The conclusion section consists of 85 paragraphs that references numerous treaties, statutes, constitutions, and historical events. Id. at ¶¶ 1 – 85 (conclusion).

On August 10, 2022, returns of service were filed by a deputy sheriff hired by plaintiff for service of process. [ECF Nos. 6 – 9]. On November 28, 2022, plaintiff's application for default was denied without prejudice to refiling such application with proof of service. [ECF No. 15]. On December 20, 2022, a notice of appearance was entered on behalf of defendants Wright and Layden. [ECF No. 18]. Defendants Wright and Layden were granted an extension of time to respond [ECF No. 20] and their motion to dismiss was filed on January 19, 2023. [ECF No. 26]. On January 27, 2023, defendant Akiki and Son [ECF

No. 23] filed an answer.[2]   Although Jeannite has not filed an
opposition to the motion to dismiss, he filed an "Affidavit of
Fact REVISED Default Judgment."  [ECF No. 28].

**DISCUSSION**

Because plaintiff is proceeding <u>pro se</u>, the Court construes
the allegations in the complaint liberally, <u>see</u> <u>Rodi v. New Eng.</u>
<u>Sch. Of Law</u>, 389 F.3d 5, 13 (1st Cir. 2004), and draws all
reasonable inferences in favor of plaintiff.  <u>Schatz v.</u>
<u>Republican State Leadership Comm.</u>, 669 F.3d 50, 55 (1st Cir.
2012).

   **I.   Insufficient Service**

The police defendants seek dismissal on several grounds,
including insufficient service pursuant to Fed. R. Civ. P. 5.
Federal Rule of Civil Procedure 4(e) sets forth the method for
serving an individual.  Under Rule 4(e), there are four ways to
serve an individual defendant within a federal judicial district:
(1) by following the requirements of state law for serving a
summons in actions brought in the "courts of general jurisdiction
in the state where the district court is located or where service
is made"; (2) "by delivering a copy of the summons and the
complaint to the individual personally"; (3) by leaving copies of
those items "at the individual's dwelling or usual place of abode

---

[2] The answer indicates that the proper name of this defendant is
Akiki & Sons, Inc.  [ECF No. 23].

with someone of suitable age and discretion who resides there"; or (4) by delivering copies "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Massachusetts law has similar requirements for service, in that for individuals within the Commonwealth, service may be made "by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or statute to receive service of process provided that any further notice required by such statute be given." Mass. R. Civ. P. 4(d)(1).

Here, the summons and complaint were delivered to Wright and Layden's place of employment. Defendants state that defendants Wright and Layden were not served personally nor was the complaint delivered to their homes or an agent authorized by appointment or law. Defendants contend that this is not valid service because without express authorization, a colleague may not accept service on their behalf. Figueras v. Autoridad de Energia Electrica, 553 F. Supp. 2d 43, 44 (D.P.R. 2007) (dismissing Plaintiff's complaint where service was made upon defendant's secretary).

The Court finds that service on defendants Wright and Layden was not sufficient. Ordinarily, the Court would provide pro se plaintiff additional opportunity to effect service,

however, for the reasons that follow, the complaint is subject to dismissal. As such, granting an extension of time for proper service is not warranted.

## II. Removal Statutes

Accompanying the complaint is Jeannite's Legal Notice of Removal. [ECF No. 1-1]. Jeannite seeks to remove from Boston Municipal Court to this federal court the criminal proceeding Commonwealth v. Jeannite, No. 2207CR001764. However, Jeannite has not met the requirements for removal. See 28 U.S.C. §§ 1441(a)[3], 1442(b)[4], 1441(d)[5], 1443(1)[6] and 1443(2).[7]

---

[3] Section 1441(a) provides that civil actions that could have been brought originally in federal court may be removed from state court. 28 U.S.C. § 1441(a).

[4] Section 1441(b) governs removals based on diversity of citizenship. 28 U.S.C. § 1441(b). However the diversity statute, 28 U.S.C. § 1332, does not apply where the defendant is attempting to remove a criminal case from state to federal court. United States v. Williams, No. 15-3239, 2015 WL 6824047, at n. 3 (D. Minn. Sept. 29, 2015).

[5] Section 1441(d) addresses removal involving foreign states. 28 U.S.C. § 1441(d).

[6] Section 1443(1) allows a defendant to remove to federal court a prosecution "[a]gainst any person who is denied or cannot enforce" in state court "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).

[7] Section 1443(2) allows a defendant to remove to federal court a prosecution "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2).

To the extent Jeannite contends that removal is proper because he is an Aboriginal Indigenous Moorish American, <u>see</u> ECF No. 1-1 at 3 (parties), such argument has been rejected by federal courts and this court finds such argument without merit.[8]  <u>See</u> <u>Massachusetts v. Libertad</u>, No. 22-10131-DJC, 2022 WL 479799, at *2 (D. Mass. 2022) (collecting cases).

**III. Moroccan American Treaty of Peace and Friendship**

In addition to the removal statutes, Jeannite brings this action pursuant to the 1787 Moroccan-American Treaty of Peace and Friendship and invokes the Zodiac Constitution and the United States Republic Constitution of 1791.  ECF No. 1-1. Jeannite's claim that he was unlawfully detained by defendant police officers "while traveling on [B]lue [H]ill [Avenue] for 3.5 miles", <u>see</u> ECF No. 1 at p. 8, might suggest a claim under 42 U.S.C. § 1983.  However, even with a liberal construction, the authorities relied upon by Jeannite do not provide a basis for relief.  <u>See</u> <u>e.g.</u> <u>Jones-El v. South Carolina</u>, No. 5:13-cv-01851, 2014 WL 958302, at *8 (rejecting claim based on status as Moorish American and relying on the Treaty of Peace and

---

[8] The pleadings submitted by Jeannite are replete with Moorish sovereign citizen movement jargon.  "[T]he sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior."  <u>United States v. Ulloa</u>, 511 F. App'x 105, 107 (2d Cir. 2013) (summary order).

Friendship as "completely frivolous, whether raised under §
2254, § 2241, or by way of a civil complaint").

**IV.   Fed. R. Civ. P. 12(b)(6)**

Defendants Wright and Layden also seek dismissal of the
complaint for failing to state a claim upon which relief can be
granted.  The police defendants correctly note that the factual
allegations are conclusory and that the complaint barely states
any factual allegations in support of the alleged causes of
action.  Here, Jeannite has failed to plead basic facts
necessary for the defendants to understand and respond to the
charges levied against them.  Among other things, he has failed
to identify any plausible legal claims and it is very difficult
to ascertain exactly what claims each of them did to give rise
to any actionable claim.  See Ateek v. Massachusetts, No. 11-
11566-DPW, 2011 WL 4529393 at *3 n. 7 (D. Mass. Sept. 27, 2011)
(citation omitted) ("District courts are not required to conjure
up questions never squarely presented to them or to construct
full blown claims from sentence fragments.").

**V.   Claim Against Defendant Akiki and Son**

"Grand Theft Automobile" is the sole claim for damages
asserted against Akiki and Son, and it is asserted in "his
private capacity."  [ECF No. 1-1, 14].  Jeannite does not
indicate why the claim against the towing company is properly in
federal court and the Court is unable to ascertain from the

lengthy complaint any basis for jurisdiction against this
defendant.  To the extent Jeannite seeks to institute a criminal
proceeding, he does not have standing to pursue criminal charges
against the towing company.  United States v. Nixon, 418 U.S>
683, 693 (1974) ("the Executive Branch has exclusive authority
and absolute discretion to decide whether to prosecute a case");
Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[I]n
American jurisprudence at least, a private citizen lacks a
judicially cognizable interest in the prosecution or
nonprosecution of another."); Cok v. Cosentino, 876 F.2d 1, 2
(1st Cir. 1989).  Thus, this Court is without jurisdiction over
any claim alleging a criminal violation by defendant Akiki and
Son.

### ORDER

It is hereby Ordered that the police defendants' motion
(Docket No. 29) to dismiss the complaint is ALLOWED.  The Court
DISMISSES the remaining claims pursuant to Rule 12(h)(3) for lack
of subject matter jurisdiction.

SO ORDERED.

                              /s/ Patti B. Saris
                              PATTI B. SARIS
                              UNITED STATES DISTRICT JUDGE